**Yvonne ANAGNOST, Plaintiff–Appellee,**

**v.**

**Jane GARVEY, Administrator of the Federal Aviation Administration, Defendant–Appellant.**

**No. 98–3223.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 10, 1999.

Decided March 12, 1999.

---

George Bullwinkel, Kent M. Zimmerman (argued), Bullwinkel Partners, Chicago, IL, for Plaintiff–Appellee.

Robert D. Kamenshine, Dept. of Justice, Civil Division, Appellate Section, Washington, DC, for Defendant–Appellant.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Yvonne Anagnost joined the Interstate Commerce Commission as an attorney in 1979. She lost her job when the ICC lost its existence. Ex-employees of the ex-agency received this promise in § 203(c) of the ICC Termination Act, Pub.L. 104–88, 109 Stat. 803, 941 (1995): "Notwithstanding all other laws and regulations, the Department of Transportation shall place all Interstate Commerce Commission employees separated from the Commission as a result of this Act on the DOT reemployment priority list (competitive service) or the priority employment list (excepted service)." Anagnost applied for a post in the excepted service at the Federal Aviation Administration, a compo- nent of the Department of Transportation. The FAA told her that the "DOT ... priority employment list" is irrelevant, for the FAA runs its own employment system, separate from the Department's "notwithstanding any other provision of law". 49 U.S.C. § 106(f)(2)(D). Anagnost then filed this suit under the Administrative Procedure Act, 5 U.S.C. § 706, seeking a declaration that she is entitled to as much priority at the FAA as at any other component of the DOT. Because the FAA is part of the DOT, the district court ordered the FAA to give Anagnost priority for jobs available during the next five years. 1998 U.S. Dist. LEXIS 10073 (N.D.Ill.).

Anagnost's principal contention is that the "notwithstanding" language in § 106(f)(2)(D) does not apply to rights under the Termi- nation Act—not only because it was enacted six weeks after the amendment that gave § 106(f)(2) its current form but also because there are some exceptions to the notwith- standing clause in § 106(f)(2)(D). This is a red herring, for the FAA does not contend that § 106(f)(2) trumps the requirement that Anagnost be placed on the "DOT ... priority employment list". The only question of sig- nificance is what benefits placement on the "DOT ... priority employment list" confers. What the FAA contends is that placement on the "DOT ... priority employment list" does not endow a person with employment rights at the FAA.

Section 106(f)(1) says that the Secretary of Transportation runs the FAA except to the extent provided in § 106(f)(2). Under § 106(f)(2)(A)(i) the Administrator is in charge of "the appointment and employment of all officers and employees of the Adminis- tration (other than Presidential and political appointees)"—and to drive home the inde- pendence of the FAA in daily personnel mat- ters, § 106(f)(2)(D) adds that the Adminis- trator "shall not be required to coordinate, submit for approval or concurrence, or seek the advice or views of the Secretary or any other officer or employee of the Department of Transportation on any matter with respect to which the Administrator is the final au- thority." Having its own employment sys- tem enables the FAA to hire air traffic con- trollers (and specialists in aviation) without

regard to the red tape that governs most public employment. A statutory preference for applicants with expertise in railroads, trucks, buses, and barges (the province of the ICC) is the sort of red tape that could cause problems for an agency that needs experts in aviation. If the FAA must give priority to Anagnost, it must give equal priority to anyone else on the "DOT ... priority employment list", which people join when laid off from any position within the Department, or after recovering from temporary disability. Yet for the FAA to give priority to employees from other components of the Department would be for it to "coordinate" employment matters with the rest of the Department, which is precisely what § 106(f)(2)(D) says the FAA need not do.

Section 106(f)(2)(A)(i) effectively declares that the Department of Transportation and the FAA are separate agencies for purposes of employment. Nothing in the idea of a "priority employment list" requires one agency to give preference to another's laid-off workers. Federal personnel regulations applicable to all agencies define the function and use of priority employment lists. 5 C.F.R. §§ 302.303(b), 330.201–.209. These regulations speak of priority *within* an agency, not across agencies—and priority ends after two years, not five. 5 C.F.R. §§ 302.303(b), 330.203(c). Because the FAA need not hire from lists generated elsewhere in the Department of Transportation, placement on the "DOT ... priority employment list" confers no rights to preferential consideration at the FAA.

REVERSED.