Ronald THOMAS, Plaintiff,

v.

Rodney E. SLATER, Secretary, U.S. Dept. of Transportation, et al., Defendants.

No. Civ.A. 98–0004(JHG).

United States District Court, District of Columbia.

April 28, 1999.

Charles Elliot Wagner, Wagner & Associates, Washington, DC, for Ronald L. Thomas, plaintiff.

Daniel Franklin Van Horn, U.S. Attorney's Office, Washington, DC, Wilma Antoinette Lewis, U.S. Attorney's Office, Washington, DC, for Rodney E. Slater, Jane F. Garvey, defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Plaintiff, Ronald Thomas, an attorney, commenced this action against defendants, Rodney E. Slater, Secretary, United States Department of Transportation ("DOT") and Jane F. Garvey, Administrator, Federal Aviation Administration ("FAA"), alleging that the defendants wrongfully denied him priority employment rights in violation of the Interstate Commerce Commission Termination Act ("ICCTA").[1] Presently pending before the Court are (1) defendants' motion to dismiss or, in the alternative, for summary judgment, (2) plaintiff's cross motion for summary judgment, and (3) plaintiff's motion to supplement his complaint. For the reasons discussed below, defendants' motion for summary judgment will be granted, plaintiff's motion for summary judgment will be denied, and plaintiff's motion to supplement the complaint will be dismissed as moot.

### I. Background

The following facts are undisputed. The Interstate Commerce Commission ("ICC") was abolished in 1995 by virtue of the ICCTA. The ICCTA directed that all separated ICC employees be placed on the "DOT re-employment priority list (compet-

---

1. P.L. 104–88 § 203(c), 109 Stat. 803. The text of the ICCTA can be found in the Histori-cal and Statutory Notes to 49 U.S.C.A. § 701.

itive service) or the priority employment list (excepted service)." Pub.L. No. 104–88 § 203(c). Mr. Thomas (or "Thomas") was employed by the ICC as a senior attorney from 1980 until January 6, 1996, when he was separated under the ICCTA. In 1997, Thomas applied for two vacant attorney positions with the FAA, which is an "administration in the Department of Transportation." 49 U.S.C. § 106. Mr. Thomas advised the FAA at the time of application that he was entitled to priority employment status. *See* Complaint at 4. The FAA advised Thomas that it "would not conform to the requirements of the ICCTA and accord him [Thomas] priority consideration for positions available at the agency." *Id.* The parties agree that although Thomas was qualified for the position, the FAA ultimately hired other persons for the positions Thomas sought.

On January 5, 1998, Thomas filed this lawsuit against DOT and FAA seeking (1) a declaration that he was entitled to priority status, (2) injunctive relief enjoining the defendants from offering employment to someone else of equal qualification who is not on the priority list, (3) specific damages of instatement to the first available position for which he is qualified, and (4) damages of back pay and front pay.[2] The defendants filed a motion to dismiss or, in the alternative, for summary judgment on the basis that the Department of Transportation and Related Agencies Appropriations Act of 1996 ("Appropriations Act")[3] and the FAA Reauthorization Act of 1996 ("Reauthorization Act")[4] exempted FAA from complying with section 203(c) of the

ICCTA. Thomas filed a cross-motion for summary judgment claiming that the FAA was indeed bound by the ICCTA, and he was therefore entitled to judgment as a matter of law.

While this case was pending, a similar case entitled *Anagnost v. Administrator, FAA,* was being litigated in the Northern District of Illinois. Yvonne Anagnost was an ICC attorney who, like Thomas, was separated from employment when the ICC was terminated. Ms. Anagnost, like Mr. Thomas, applied for a position with the FAA and sought priority employment under Section 203(c) of the ICCTA. The FAA argued, as it has in this case, that the Appropriations and Reauthorization Acts exempted FAA from giving effect to the DOT priority employment list. The district court held that as a matter of statutory interpretation, FAA was required to give effect to Section 203(c) of the ICCTA and accord Ms. Anagnost priority consideration for employment.[5] *See Anagnost v. Administrator, FAA,* 1997 WL 428557 (N.D.Ill., July 23, 1997) (hereafter *"Anagnost I "*). Thomas filed a motion to supplement his complaint for the purpose of incorporating the *Anagnost* decision. The district court's decision has since been reversed by the Seventh Circuit, which held that DOT's priority employment list "confers no rights to preferential consideration at the FAA." *Anagnost v. Administrator, FAA,* 170 F.3d 704, 706 (7th Cir.1999) (hereafter *"Anagnost II "*). In light of the reversal, the Court doubts that Thomas still wishes to rely on *Anagnost,* but, in

---

**2.** By Memorandum Opinion and Order dated December 2, 1998, the Court: (1) held that she had jurisdiction to hear plaintiff's claims for declaratory, injunctive and specific relief; (2) dismissed for lack of jurisdiction the defendant's claim for back pay; and (3) reserved decision, if necessary, as to jurisdiction on the claim for front pay.

**3.** P.L. 104–50, § 347, 109 Stat. 460. The text of the Appropriations Act can be found in the Historical and Statutory Notes to 49 U.S.C.A. § 106.

**4.** P.L. 104–264, 110 Stat. 3229, codified at 49 U.S.C. § 106.

**5.** In a later final, appealable order, the district court noted that placement on the DOT priority list under the ICCTA does not guarantee employment. The Court held instead that it was up to the agency "to determine what type of priority the [ICCTA] affords Anagnost and how such priority status will be implemented". *See Anagnost v. Administration, FAA,* 1998 WL 386373 (N.D.Ill., July 2, 1998).

any event, the issue is moot because judgment will be entered in favor of FAA.

## II. Discussion

The parties have conceded that Thomas was placed on DOT's priority employment list and that he was qualified for the FAA positions sought. The only question for the Court to resolve is whether, as a matter of statutory interpretation, the FAA was required to give effect to DOT's priority employment list.

### The ICCTA

Section 203(c) of the ICCTA states, "notwithstanding all other laws and regulations, the Department of Transportation shall place all Interstate Commerce Commission employees separated from the Commission as a result of this Act [on the DOT priority employment list]." P.L. 104–88 § 203(c), 109 Stat. 94.

The parties agree the ICCTA requires that Thomas be placed on the DOT priority employment list. Thomas goes further, however, and argues that the ICCTA not only confers upon him the right to be placed on the priority list, but it also mandates that all agencies within the DOT system, including the FAA, hire qualified employees from that list. The ICCTA cannot be read so broadly. While it is true the FAA is an "administration" within DOT, *see* 49 U.S.C. § 106(a), Congress, through the Reauthorization and Appropriations Acts discussed below, has "effectively declare[d] that [DOT] and the FAA are separate agencies for purposes of employment." *See Anagnost II*, 170 F.3d 704, 706. And, as a separate agency, the FAA would not be required to give effect to DOT's priority employment list. As the Seventh Circuit noted, nothing in any statute or federal regulation requires an agency to give effect to another agency's priority employment list. *See id.* *See also, e.g.,* 5 CFR § 330.201(b) (stating that "each agency is required to establish and maintain a reemployment priority list" and "all components of an agency within the commuting area utilize a single [reemployment priority list]"); 5 CFR § 302.303(a)(2) (noting agency discretion in establishing and extending its own priority employment list).

### The Reauthorization and Appropriations Acts

Congress enacted the Reauthorization Act in 1996 as a means to provide the FAA with more flexibility and autonomy:

> Because the [FAA] is a unique Federal entity in that it is a participant in the daily operations of an industry, and because the national air transportation system faces significant problems without significant changes, the [FAA] has been authorized to change the Federal procurement and personnel systems to ensure that the [FAA] has the ability to keep pace with new technology and is able to match resources with the real personnel needs of the [FAA].

P.L. 104–264 §§ 221(14). To that end, the FAA was given substantial independence from DOT with respect to personnel decisions. The FAA "Administrator is the final authority for carrying out all functions, powers, and duties of the [FAA] relating to ... the appointment and employment of all officers and employees of the Administration (other than Presidential and political employees)." 49 U.S.C. § 106(f)(2)(A)(i). Moreover, the Reauthorization Act specifically excludes DOT from FAA personnel decisions:

> "[N]otwithstanding any other provision of law, [FAA] shall not be required to coordinate, submit for approval or concurrence, or seek the advice or views of the Secretary or any other officer or employee of the Department of Transportation on any matter with respect to which [FAA] is the final authority."

49 U.S.C. § 106(f)(2)(D).

Similarly, the Appropriations Act reinforces Congress' intent to have an independent FAA with respect to personnel matters. The Act provides that "in consultation with the employees of [FAA] ... and notwithstanding the provisions of Title

5, United States Code [Title 5, Government Organization and Employees], and other Federal personnel laws, the Administrator of the [FAA] shall develop and implement ... a personnel management system for the [FAA] that addresses the unique demands on the agency's workforce. Such a system shall, at a minimum, provide for greater flexibility in the hiring, training, compensation, and location of personnel." P.L. 104–50 § 347, 109 Stat. 460. The Appropriations Act excepts from its coverage certain provisions of Title 5, such as whistleblower protection, veterans preference, labor management, antidiscrimination, workers compensation, etc. *See id.*

### Anagnost I

Mr. Thomas relies for the most part on the district court's reasoning in *Anagnost I*. That Court held that the language of section 106(f)(2)(D) of the Reauthorization Act, which states that the FAA Administrator, *notwithstanding any other provision of law*, does not have to coordinate with DOT in the employment of non-political officers and employees, does not trump the ICCTA. First, the district court noted that because certain provisions of Title 5 still applied to FAA (such as whistleblower protection, veterans preferences and certain antidiscrimination laws) "it hardly requires a leap of logic to think that [FAA] is subject to [the ICCTA] as well." *Anagnost I*, 1997 WL 428557 at *2. Second, the district court noted that the ICCTA was enacted six weeks after the Appropriations Act. The Appropriations Act exempts FAA from various provisions of Title 5, but it also enumerates provisions from which FAA is not exempt, including veterans preferences. Thus, the Court reasoned, Congress did not intend FAA to have complete independence from DOT given the non-exemption for veterans preferences and the fact that Congress, although it "easily" could have done so, failed to include language in the ICCTA exempting FAA from its provisions. *Id.* Lastly, the court stated that if the FAA Administrator

"was the final authority on the appointment and employment of all FAA employees, the FAA would not be subject to Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act," etc. *Id.*

### Anagnost II

The Seventh Circuit rejected the district court's rationale, and reversed the district court simply on the basis that Congress intended for the FAA to be independent and not subject to the bureaucratic red tape that flows from government employment. As the Seventh Circuit noted,

> Having its own employment system enables the FAA to hire air traffic controllers (and specialists in aviation) without regard to the red tape that governs most public employment. A statutory preference for applicants with expertise in railroads, trucks, buses, and barges (the province of ICC) is the sort of red tape that could cause problems for an agency that needs experts in aviation. If the FAA must give priority to [an attorney from the ICC] it must give equal priority to anyone else on the [DOT priority employment list], which people join when laid off from any position within the Department, or after recovering from temporary disability. Yet for the FAA to give priority to employees from other components of the Department would be for it to 'coordinate' employment matters with the rest of the Department, which is precisely what § 106(f)(2)(D) says the FAA need not do.

*Anagnost*, 170 F.3d 704.

This Court is equally unpersuaded by the district court's analysis in *Anagnost I* and agrees with the Seventh Circuit that Congress intended the FAA to have an employment system separate from DOT. It is of little consequence that the Appropriations Act was enacted prior to the ICCTA in light of the fact that the Reauthorization Act was enacted in October 1996, ten months after the ICCTA was enacted. The Reauthorization Act specifically says

that "notwithstanding any other provision of law" the FAA is the final authority in its own personnel decisions and is not "required to coordinate, seek for approval or concurrence, or seek the advice or views of" any member of DOT. 49 U.S.C. § 106(f)(2)(A)(i). Thus, this Court takes a broad interpretation of the "notwithstanding any other provision of law" clause and reads the Reappropriations Act as exempting the FAA from any requirement to give effect to the DOT priority list. As the Court of Appeals for the D.C. Circuit recently noted, "[t]his court has interpreted [notwithstanding clauses similar to the one in the Reappropriations Act] to supercede all other laws, stating that '[a] clearer statement is difficult to imagine.'" *Liberty Maritime Corp. v. United States*, 928 F.2d 413, 416 (D.C.Cir.1991) (quoting *Crowley Caribbean Transport, Inc. v. United States*, 865 F.2d 1281, 1283 (D.C.Cir.1989)). *Liberty Maritime* involved interpretation of § 1105(c) of the Merchant Marine Act, which gave the Secretary of Transportation broad discretion *notwithstanding any other provision of law* to sell "any property acquired by him pursuant to a security agreement with the obligor." *Id.* at 416. The Court held that the general "notwithstanding" language trumped other more specific provisions of the Merchant Marine Act. *See id.* at 416. The Court noted that "ordinarily competing sections of a statutory scheme should be construed to give maximum effect to all provisions." *Id.* at 418. "[T]he Secretary has broad discretion to harmonize the provisions in a way that is consistent with the Act's overarching purpose." *Id.* at 418. Important to the Court's analysis was the fact that the provisions trumped by § 1105(c) continued to have meaning outside the § 1105(c) context so that a broad reading of the "notwithstanding" clause did not render the other provisions meaningless.

Here, the ICCTA and the Reappropriations Act are not in conflict. The ICCTA certainly has effect outside of the FAA context, that is to put displaced ICC employees on the DOT priority employment list. Thomas was so placed, thus entitling him to priority consideration at appropriate agencies within DOT. Thus, read broadly, the "notwithstanding" provision provides for the harmonization of the ICCTA's "overarching purpose" of placing displaced ICC employees on the DOT priority list, with the Reappropriation Act's "overarching purpose" of rendering the FAA independent for purposes of employment decisions. *See id.* at 419.

### III. Conclusion

For the reasons expressed above, it is hereby

ORDERED that defendants' alternative motion for summary judgment is granted; and it is

FURTHER ORDERED that plaintiff's motion for summary judgment is denied; and it is

FURTHER ORDERED that plaintiff's motion to supplement his complaint is dismissed as moot.

IT IS SO ORDERED

### JUDGMENT

In accordance with the Memorandum Opinion and Order issued this date, judgment is hereby entered in favor of defendants, Rodney E. Slater, Secretary, U.S. Department of Transportation, and Jane F. Garvey, Administrator, Federal Aviation Commission, and against plaintiff, Ronald Thomas.

IT IS SO ORDERED.