This claim for the reimbursement of attorney’s fees is before the court on the parties’ cross-motions for summary judgment. After hearing oral argument, we conclude that plaintiff is not entitled to recover these costs and therefore grant defendant’s motion for summary judgment.
J — I
Plaintiff, a documents classification officer in the Federal Bureau of Investigation (FBI), voluntarily engaged the services of an attorney on receiving notice that he would be subpoenaed to appear before a grand jury of the United States District Court for the District of Columbia in connection with its investigation of surreptitious FBI entries. Although plaintiff was informed by officials of the Department of Justice that he was not a target of the investigation, he sought his attorney’s advice since it was his understanding that subpoenas usually were not issued *712 until the Justice Department had conducted an interview with the potential witness. Without the benefit of the initial interview, plaintiff alleges that he was not apprised of the intended scope of the inquiry, and as a security officer for the FBI, he was concerned about safeguarding sensitive national security interests and was also mindful of his privilege against self-incrimination.
Plaintiff was later subpoenaed and made an appearance before the grand jury on March 31, 1978. Plaintiff incurred legal fees of $2,100 for his attorney’s assistance in preparing for this appearance. Plaintiffs request to the Justice Department for reimbursement was denied on March 22, 1979, by Barbara Allen Babcock, then Assistant Attorney General, Civil Division.
Plaintiff thereafter filed this action alleging that defendant’s refusal to reimburse him was unlawful and deprived him of the protections guaranteed by the fifth amendment. Plaintiff also alleges that defendant breached the parties’ implied employment contract when it denied plaintiffs request for reimbursement. The gravamen of plaintiffs complaint is that the Government’s denial of his claim for reimbursement is in violation of 28 U.S.C. § 517 (1976) and 28 C.F.R. §§ 50.15 and 50.16 (1979). This statutory authority, according to plaintiff, charges the Government with the legal representation of a federal employee who is sued or subpoenaed in his individual capacity relating to acts which are properly within the scope of employment as long as the employee is not the target of a federal criminal investigation or defending his acts in a federal criminal proceeding. Plaintiff argues that he was therefore entitled to legal representation since he was not a target of the grand jury investigation. Plaintiff further argues that private counsel was retained pursuant to the terms of 28 C.F.R. § 50.16, since the Justice Department could not advise him as to his concerns over the possible disclosure of sensitive security matters to the grand jury because of its own interest in the investigation.
*713 II.
We find that the law simply does not support plaintiffs position. Plaintiff begins his argument with the erroneous premise that a federal employee who acts within the scope of his employment is entitled to legal representation. Although the Government has long recognized the importance of providing its employees with legal representation and often defends its officers who are sued or prosecuted for executing its laws, the law does not compel the Justice Department to defend these employees. Opponents to the practice of providing representation have argued that the Justice Department, in representing these workers, acts without the proper statutory authority; however, courts have on numerous occasions held that 28 U.S.C. § 517 serves as the Justice Department’s legal basis for this practice. Meredith v. VanOosterhout, 286 F.2d 216 (8th Cir. 1960), cert. denied, 365 U.S. 835 (1961); Booth v. Fletcher, 101 F.2d 676 (D.C. Cir. 1938), cert. denied, 307 U.S. 628 (1939).
By virtue of 28 U.S.C. § 517, authority is vested in the Attorney General to ''attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.” The United States maintains that its interest in representing its employees, pursuant to this authority, is twofold: first, since the conduct at issue was performed in connection with federal employment, it may be important from a governmental standpoint to establish its legality; secondly, the failure of the Government to undertake the expense of defending apparently lawful actions in the performance of governmental duties could have a detrimental effect upon the proper and vigorous performance of assignments in the future. Senate Comm. on the Judiciary, Subcomm. on Administrative Practice and Procedure, 95th Cong., 2d Sess., Staff Report on Justice Department Retention of Private Legal Counsel to Represent Federal Employees in Civil Law Suits (Comm. Print 1978).
Federal employees are therefore provided with legal counsel in order to protect the interests of the Government, *714 not the individual interests of the employee. The Justice Department clearly has no obligation to a particular employee, and thus we find no merit in plaintiffs claim that he was entitled to counsel since his appearance before the grand jury related to his employment.
Nor do the regulations so heavily relied on by plaintiff lend support to his claim. Attorney General Levi’s statement of policy, now codified at 28 C.F.R. §§ 50.15 and 50.16, set forth limits to the Justice Department’s representation of federal employees and also to its policy of retaining private counsel at federal expense in certain instances. However, these limitations apply only to state criminal proceedings and to civil and congressional proceedings. As plaintiff has made no request for reimbursement of attorney’s fees for representation in either a civil, congressional, or state criminal proceeding, these regulations are inapplicable.
We have considered plaintiffs constitutional and contractual arguments and they, too, are without merit. Defendant is guilty of no contractual breach, for it has long been settled that public employment does not give rise to a contractual relationship in the conventional sense. Butler v. Pennsylvania, 51 U.S. (10 How.) 402 (1850); Urbina v. United States, 192 Ct. Cl. 875, 881, 428 F.2d 1280, 1284 (1970).
it is therefore ordered that defendant’s motion for summary judgment is granted. Plaintiffs cross-motion is denied. The petition is dismissed.