MCKESSON HBOC, INC.,
et al., Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,
et al., Defendants.

No. CIV.A.82–0220(RJL).

United States District Court,
District of Columbia.

Jan. 21, 2004.

Brooke Clagett, Joseph P. Griffin, Mark Neil Bravin, Ralph N. Albright, Jr., Morgan Lewis & Bockius LLP, Mark Rene Joelson, Jonathan Brian New, Rupa Bhattacharyya, U.S. Department of Justice, Civil Division, Washington, DC, for Plaintiffs.

Henry M. Lloyd, Cadeaux & Taglieri, P.C., Mary–Ellen Noone, Thomas Gardiner Corcoran, Jr., Berliner, Corcoran & Rowe, L.L.P., Bruno A. Ristau, Law Offices of Bruno A. Ristau, PLLC, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Plaintiffs McKesson HBOC, Inc., Foremost Tehran, Inc., Foremost Iran, Corp., and Foremost Shir, Inc., (collectively, "McKesson") move for a protective order prohibiting, in effect, the defendant from (1) inquiring into certain of the enumerated topics set forth in its 30(b)(6) deposition notice, and (2) conducting the depositions in Iran of seven individuals who live in Tehran, Iran. For the following reasons, the Court GRANTS the plaintiffs' motions.

### FACTUAL BACKGROUND

This case, originally filed in January 1982, involves the alleged expropriation of plaintiffs' assets by the Islamic Republic of Iran. Plaintiffs own a minority interest in an Iranian dairy, and they allege, *inter alia,* that following the 1979 Islamic Revolution, the dairy ceased to pay dividends to the plaintiffs. Following a bench trial in this Court, Iran was ordered to pay over $20 million in compensation for expropriated equity and withheld dividends. On appeal, the D.C. Circuit remanded the case for trial on two issues: (1) the "come to the company" requirement, *i.e.,* whether the dairy's board of directors exercised discretion to require shareholders to physically appear to receive dividends; and (2) whether it would have been "futile" for McKesson to comply with this requirement (the "futility" defense). *McKesson HBOC, Inc. v. Islamic Republic of Iran,* 271 F.3d 1101, 1107 (D.C.Cir.2001), *vacated in part by* 320 F.3d 280 (D.C.Cir. 2003).

McKesson contends that it is entitled to a protective order because Iran's 30(b)(6) topics exceed the scope of this Court's June 16, 2003 discovery order, limiting the scope of discovery to the two issues before this Court on remand. In addition, McKesson argues that a protective order is needed to prevent Iran from holding seven noticed depositions

in Tehran, Iran, which would unduly burden the plaintiffs.

### DISCUSSION AND ORDER

Federal Rule of Civil Procedure 26(c) provides that a court may, for good cause and to protect a party from undue burden and expense, issue a protective order that "certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed.R.Civ.P. 26(c)(4). In addition, the court may issue an order "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place..." Fed.R.Civ.P. 26(c)(2). While it is the movant's burden to articulate specific facts showing "clearly defined and serious injury" resulting from the discovery sought, *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C. 1987), Rule 26(c) gives the court broad discretion to limit discovery in a particular case. *See United States v. Microsoft,* 165 F.3d 952, 959 (D.C.Cir.1999); *Tavoulareas v. Piro,* 93 F.R.D. 24, 30 n. 4 (D.D.C.1981).

In light of the Court's order on June 16, 2003 and after a careful review of the defendant's 30(b)(6) notice and the pleadings in support thereof, the Court finds that Iran's 30(b)(6) notice sets forth a myriad of topics outside the scope of the limited focus set forth in the Court's discovery order. Furthermore, the Court concludes that conducting depositions in Iran of the seven witnesses noticed to date would result in undue personal risk, expense, and burden to the plaintiff. Accordingly, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure it is hereby:

**ORDERED,** that the testimony of Plaintiff's 30(b)(6) designee (Leonard Patterson) shall be limited to the following enumerated topics in the defendant's 30(b)(6) notice: topics 3, 4, 7, 8, 9, 10, 15, 20, 21, 33, and 34; and it is further

**ORDERED** that all future depositions, including the depositions of Mehdi Alimadadi, Mohammad Hejazi Motlagh, Yadollah Sohrabi, Alireza Dadyar, Ebrahim Ghorbani Farid, Hassan Tahmasebi, and S. Ahma Mortazavi, shall be taken either in the United States or in a mutually agreed upon country that is a member of The European Union; and it is further

**ORDERED** that the parties shall submit to the Court within two weeks of this order a list of at least three countries that are members of The European Union that the parties mutually agree may be an appropriate location for the conducting of future depositions.