Francis X. CAVANAUGH,
et al., Plaintiffs,

v.

Andrew M. SAUL, et al., Defendants.

CRIM.A. No. 03–0111GKDAR.

United States District Court,
District of Columbia.

Dec. 23, 2005.

Peter J. Phipps, Rachel J. Hines, U.S. Department of Justice, Alan Burch, U.S. Attorney's Office, Washington, DC, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Plaintiffs' Motion for Protective Order to Prohibit Unauthorized Participation in Nonparty Witness's Deposition ("Plaintiffs' Motion") (Docket No. 104) is pending for determination by the undersigned. Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, Plaintiffs' motion will be granted.

## I. BACKGROUND

The Federal Retirement Investment Board ("the Board") is the entity which manages the Federal Employees' Thrift Savings Plan ("the Plan"), a 401(k) retirement plan for virtually all federal employees. Francis Cavanaugh, a retired federal employee, participant in the Plan, and former Executive Director of the Board, is the named Plaintiff and putative class representative, and brings this action against Defendants for breach of fiduciary duty for violating various provisions of the Federal Employees' Retirement System Act ("FERSA"), 5 U.S.C. §§ 8401–79. Amended Supplemental Class Action Complaint ("Complaint") (Docket No. 101), ¶¶ 1, 10. Defendants are (1) Andrew Saul, Thomas Fink, Alejandro Sanchez and Gordon Whiting (current members of the Board, collectively referred to herein as "Board Member Defendants"); (2) Elizabeth Woodruff (the Board's current General Counsel); and (3) Gary Amelio (the Board's current Executive Director). May 27, 2005 Memorandum Opinion (Docket No. 100) at 1.

The claims in this case arise from the alleged activities of the Board and its employees. May 27, 2005 Memorandum Opinion (Docket No. 100) at 1. Plaintiffs allege that the Board Member Defendants breached their fiduciary duties under FERSA when they selected a new Executive Director and initiated the settlement of a lawsuit brought by the Plan. Id. at 2. Plaintiffs further allege that Defendant Elizabeth Woodruff aided and abetted the Fiduciary Defendants in their alleged breaches of their fiduciary duties. Id. Plaintiffs also allege Defendant Gary Amelio breached his fiduciary duties under FERSA by settling the lawsuit initiated by the Plan. Id.

Plaintiffs are represented by a former Executive Director of the Board and class member, Roger Mehle. Complaint, ¶ 11. Defendants are represented by attorneys from the United States Department of Justice, Civil Division, Federal Programs Branch. Answer to Amended Supplemental Class Action Complaint ("Answer"). Plaintiffs, in their Amended Supplemental Class Action Complaint, do not allege that Defendants are sued in their official capacities, and instead, maintain that Defendants are personally liable for the alleged breaches of fiduciary duty. Complaint, ¶¶ 1, 125, 128, 132, 135, 139, 143.

On April 27, 2005, Plaintiffs subpoenaed Matthew Schlapp ("Schlapp"), former Director of Political Affairs in the Executive Office of the President, to give deposition testimony in his individual capacity relating to any information he may have regarding the Board and the resignation of James Petrick, former Executive Director of the Board. Plaintiffs' Motion at 2.[1] Schlapp retained counsel, and his retained counsel informed Plaintiffs that Schlapp was unavailable on the prescribed date but was willing to cooperate in the selection of an alternative date. Id. at 3.

Before an alternative date had been selected, Assistant United States Attorney Alan Burch sent an e-mail "update" to Plaintiffs' counsel, in which he advised that he was "still working on" the subpoena. Id. Nearly two months later, Plaintiffs' counsel, who had heard nothing from Assistant United States Attorney Burch in the interim, wrote to Burch to advise that he intended to proceed with Mr. Schlapp's deposition. Id. In his July 25, 2005 response, Mr. Burch advised that "we are waiting on feedback from other interested officials." Id., Exhibit 7. On August 15, 2005, in a letter to Plaintiffs' counsel written on behalf of the Chief of the Civil Division, the United States Attorney informed Plaintiffs' counsel that "[t]his Office has permitted Mr. Schlapp to testify at the deposition … [and][t]his decision reserves the right for attorneys from the Department of Justice to attend the deposition and raise any appropriate objections." Id., Exhibit 9.

On September 22, 2005, Assistant United States Attorney Burch informed Plaintiffs' counsel that he believed the United States Attorney's appearance at the deposition was authorized by 28 U.S.C. §§ 516 and 547(2). Id., Exhibit 14. Plaintiffs' counsel and Assistant United States Attorney Burch continued

---

1. Plaintiffs believe Schlapp discussed the resignation of James Petrick as Executive Director of the Federal Retirement Thrift Investment Board with Defendant Andrew Saul in or around the year 2002. Plaintiffs' Motion at 2.

to correspond but were unable to resolve the dispute, and Mr. Schlapp's retained counsel suggested that Plaintiffs and the United States Attorney "seek a judicial ruling on an appropriate discovery motion *before* proceeding with Mr. Schlapp's deposition." *Id.* at 5. Pursuant to Fed.R.Civ.P. 26(c), Plaintiffs move for a protective order prohibiting the United States Attorney, or any of his subordinates, from participating in Plaintiffs' intended deposition of Matthew Schlapp, a nonparty witness.

## II. CONTENTIONS OF THE PARTIES

Plaintiffs, in their motion, argue that the Federal Rules of Civil Procedure contemplate that participation in discovery is limited to the parties to the litigation. Plaintiffs' Motion at 6–7. Accordingly, Plaintiffs argue that because the United States is not a party to this action, the United States Attorney may not "separately participate in Schlapp's deposition 'to represent the interests of the United States.'" *Id.* at 7. Additionally, Plaintiffs contend that since Defendants are represented by attorneys from the Department of Justice, the interests of the government will be protected. *Id.*, citing *Ryan v. United States*, 227 Ct.Cl. 711, 713–714, 1981 WL 21419 (1981). Moreover, Plaintiffs rely on *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 132 F.3d 1252 (8th Cir.1998), and *United States v. Lopez*, 4 F.3d 1455 (9th Cir.1993), in support of their argument that the United States Attorney's reliance on 28 U.S.C. §§ 516 and 547 as authority to participate in the deposition is misplaced. Plaintiffs contend that both the Eight and Ninth Circuits have held that sections 516 and 547 are general enabling statutes, and that those provisions do not authorize government attorneys to disregard rules applicable to the conduct of litigation. *Id.* at 11–12.

On October 26, 2005, the United States Attorney, without first seeking and obtaining leave of the court to do so, entered an appearance on behalf of Matthew Schlapp "in his official capacity as a former employee of the United States," and filed an opposition to Plaintiffs' motion. Opposition to Plaintiffs' Motion for Protective Order (Docket No. 106); *see also* Notice of Appearance (Docket No. 105). The United States Attorney argues that "the interests of the United States are undeniable and evident[,]" which "amply suffices to trigger the authority in both 28 U.S.C. §§ 547(2) and 516." *Id.* at 3. Additionally, the United States Attorney argues that the Court should not be persuaded by the authorities which Plaintiffs cite which purport to limit sections 516 and 547, because those holdings unnecessarily applied a "sweeping conclusion" to the facts of those cases. *Id.* Furthermore, the United States Attorney maintains that *Judicial Watch, Inc. v. Clinton*, 880 F.Supp. 1, 13 (D.D.C.1995), stands for the proposition that the United States is permitted to protect its privileged information when such information is held by former employees. *Id.* at 4. The United States Attorney indicates that he does not "anticipate that Schlapp would have a great deal of privileged information ... [but] the interests of the United States required representation at the deposition in the event that any privileged information was responsive to Plaintiffs' questions." *Id.* at 2. The United States Attorney does not describe the nature of the "representation" he contemplates; nor does he specify what privileges he believes could be breached at the deposition absent his representation. Moreover, the United States Attorney argues that Plaintiffs' suggestion that because Defendants are represented by Department of Justice attorneys, the interests of the United States are adequately represented, simply "makes no sense." *Id.* at 5. Lastly, the United States Attorney contends that Plaintiffs' motion is premature, and that the Court should deny Plaintiffs' motion and consider any arguments regarding the United States Attorney's participation following the deposition. *Id.*

Defendants, through their Department of Justice Federal Programs Branch attorneys, filed an opposition to Plaintiffs' motion and adopted the arguments of the United States Attorney. Defendants' Memorandum in Opposition to Plaintiffs' Motion for a Protective Order to Prohibit Unauthorized Participation in Nonparty Witness's Deposition ("Defendants' Opposition") (Docket No. 107). The Department of Justice lawyers who repre-

sent Defendants submit that the role of the United States Attorney's Office "is to protect any government privileges related to Mr. Schlapp's former employment at the White House[.]" *Id.* at 2. The Department of Justice attorneys further submit that the United States Attorney may do so pursuant to 28 U.S.C. § 517, which, according to the Department of Justice, "authorizes the Department of Justice to attend to the interests of the United States." *Id.*[2]

No memoranda was filed by Mr. Schlapp's retained counsel.

Plaintiffs, in their reply to the United States Attorney's opposition, argue that the correspondence between Plaintiffs' counsel, Schlapp's retained counsel, and the Assistant United States Attorney clearly shows that the United States Attorney does not represent Schlapp, and that Schlapp has not requested that the United States Attorney represent him. Plaintiffs' Reply (Docket No. 108) at 2–3. Plaintiffs explain that contrary to the assertion of the United States Attorney, Mr. Schlapp was subpoenaed to testify about his communications "in his individual capacity, not in his official, or representative, capacity." *Id.* at 8. Furthermore, Plaintiffs contend that "Schlapp will be giving 'individual capacity' testimony on matters 'performed within the scope of [his] employment,' . . . but not on behalf of the organization for which he worked." *Id.* at 9. Plaintiffs argue that in this circumstance, the United States Attorney cannot simply assert its right to intervene merely because the United States Attorney claims to be interested in the deposition. *Id.* at 8–11.

The undersigned held oral argument on the motion on November 8, 2005. At the hearing, Assistant United States Attorney Burch represented that sections 516 and 547 of Title 28 enabled the United States Attorney to protect the interests of the United States by participating in the deposition of Mr. Schlapp, a nonparty witness. When the undersigned asked Mr. Burch for authority for that proposition, Mr. Burch stated that he was unprepared to offer any authority at

that time, but would attempt to do so if given an opportunity to file a supplemental memorandum.[3]

Plaintiffs adopted the arguments they previously set forth in writing.

Defendants' Department of Justice counsel argued that the United States Attorney should be permitted to participate in the deposition to protect any privileges that might be implicated during the deposition of Mr. Schlapp so that Department of Justice attorneys could concentrate on representing the Defendants. The Department of Justice Federal Programs Branch attorney acknowledged that there was no impediment which would preclude him from interposing objections at the deposition to preserve any privileges which might be implicated.

At the conclusion of the arguments, the undersigned directed the United States Attorney to file a supplemental memorandum by November 10, 2005 to provide authority for the propositions he asserted at the hearing.

The United States Attorney, in its supplemental memorandum, argues that Plaintiffs mistakenly "mix and match" the individual and official capacities of Schlapp in order to prevent the government from protecting privileged information. Supplemental Memorandum in Opposition to Plaintiffs' Motion for Protective Order ("Supplemental Memorandum") (Docket No. 109) at 2. The authorities cited by the United States Attorney include *Blumenthal v. Drudge*, 186 F.R.D. 236 (D.D.C.1999), which the United States Attorney cites for the proposition that former government employees are not authorized to waive governmental privileges, but they may, in certain circumstances, preserve the privilege until government officials can determine whether to assert the privilege. *Id.* at 1–2. Additionally, the United States Attorney cites a 1969 Second Circuit opinion, a 1974 District of the Virgin Islands opinion, and a 1973 Northern District of Illinois opinion for the general proposition that government at-

---

**2.** The United States Attorney did not cite section 517, and relied instead upon sections 516 and 547 of Title 28.

**3.** Mr. Schlapp's retained counsel did not attend the hearing.

torneys "are authorized to appear in cases where governmental interests are at stake." *Id.* at 3.[4] Additionally, the United States Attorney cites two opinions of this court, and one opinion of the District of Columbia Circuit, for the proposition that evidentiary privileges "particular to the President or White House" extend beyond communications with the President and can reach other White House officials as well. *Id.* at 4.[5] The United States Attorney further argues that *McDonnell* and *Lopez* are distinguishable, because those cases involved circumstances in which Department of Justice attorneys attempted to engage in conduct that "ran afoul" of other applicable statutes. *Id.* at 6. The United States Attorney argues that the other decisions on which Plaintiffs rely are also distinguishable, and do not hold that the government is precluded from participating in a deposition to protect the government's interest. *Id.* at 8–12.

Plaintiffs, in their response to the United States Attorney's supplemental memorandum, also rely upon *Blumenthal v. Drudge*. Plaintiffs' Response to Wainstein's Supplemental Memorandum ("Plaintiffs' Response") (Docket No. 110) at 3. Plaintiffs agree that *Blumenthal* supports the proposition that Mr. Schlapp is not authorized to waive a government privilege. *Id.* at 3–6. However, Plaintiffs argue that *Blumenthal* shows that a former White House official may be deposed about his acts while he was an official and be represented in his deposition by retained counsel. *Id.*[6]

## III. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil procedure provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed. R.Civ.P. 26(b)(1). Furthermore, Rule 26 provides:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... **that discovery be conducted with no one present except persons designated by the court[.]**

Fed.R.Civ.P. 26(c)(5) (emphasis supplied). It is well settled in this jurisdiction that courts have broad discretion to enter orders limiting and managing discovery. *See, e.g., McKesson HBOC, Inc. v. Islamic Republic of Iran*, 226 F.R.D. 56, 57 (D.D.C.2004); *Doe v. District of Columbia*, 230 F.R.D. 47, 50 (D.D.C. 2005); *Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, No. 00–2398, 2000 U.S. Dist. LEXIS 17968, at *8 (D.D.C. December 7, 2000).

Section 516 of Title 28 provides that "[e]xcept as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested ... is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C.A. § 516 (2005). At least one court has held that Section 516 "should be strictly construed." *United States v. Daniel, Urbahn, Seelye and Fuller*, 357 F.Supp. 853, 858 (N.D.Ill.1973). The same court further held that "[the] provision does not explicitly provide that officers of the Department of Justice may conduct any litigation in which they believe the government has any interest; it merely provides

---

**4.** *See, e.g., Carter v. American Export Isbrandtsen Lines, Inc.*, 411 F.2d 1185 (2d Cir.1969); *United States v. McDougal*, 934 F.Supp. 296, 297 (E.D.Ark.1996); *Gov't of Virgin Islands v. May*, 384 F.Supp. 1035, 1038 (D.Vi.1974); *United States v. Daniel, Urbahn, Seelye and Fuller*, 357 F.Supp. 853 (N.D.Ill.1973).

**5.** *See, e.g., In re Grand Jury Proceedings*, 5 F.Supp.2d 21, 27–28 (D.D.C.1998) (aff'd in part,

rev'd in part on other grounds *sub nom.*); *In re Lindsey*, 158 F.3d 1263 (D.C.Cir.1998); *Blumenthal*, 186 F.R.D. 236 (D.D.C.1999); *In re Sealed Case*, 121 F.3d 729, 752 (D.C.Cir.1997).

**6.** Neither Defendants, nor Mr. Schlapp's retained counsel, filed a response to the United States Attorney's supplemental memorandum.

that if any is conducted, it shall be done by the Department of Justice." *Id.*

Section 517 of Title 28 provides:

The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

28 U.S.C.A. § 517 (2005). With respect to the predecessor statute, at least one court held that "these statutes give very broad authority to the Attorney General to institute and conduct litigation in order to establish and safeguard Government rights and properties." *Allen v. County School Bd.,* 28 F.R.D. 358, 364 (E.D.Va.1961) (referring to Title 5, Sections 309 and 316 of the 1961 United States Code.). More recently, another court held that "Congress has specifically empowered the Attorney General or his appointee to 'attend to the interests of the United States' in a pending case in federal or state court[.]" *Tennessee ex rel. Leech v. Dole,* 567 F.Supp. 704, 721 (M.D.Tenn.1983).

Section 547 of Title 28 enumerates the duties of United States attorneys. Section 547 states in pertinent part, that "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall ... (2) prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned." 28 U.S.C.A. § 547(2) (2005). The very same court that held that section 516 should be "strictly construed" also held that "while courts, when faced with the question, have liberally construed the duties of U.S. Attorneys in appearing in cases in which the United States is 'concerned,' there is not much evidence that Congress intended to give them unlimited discretion to appear in all cases." *Daniel, Urbahn, Seelye and Fuller,* 357 F.Supp. at 857. The same court concluded that "the legislative history of 28 U.S.C. §§ 516 and 547 lend little support to the contention that the U.S. Attorney and the Department of Justice have discretion to defend any civil action in which they think the government might be interested." *Daniel,*

*Urbahn, Seelye and Fuller,* 357 F.Supp. at 858.

The undersigned finds that Sections 516, 517 and 547 of Title 18 limit the Department of Justice, in the context of civil litigation, to representation of the United States when the United States is a party; an agency, officer of the United States is a party; or the United States is concerned or interested in the litigation. 28 U.S.C.A. §§ 516, 517, 547 (2005); *See Daniel, Urbahn, Seelye and Fuller,* 357 F.Supp. at 858. The undersigned further finds that none of the aforementioned provisions authorize the United States Attorney to enter his appearance "as counsel for Matthew Schlapp, in his official capacity as a former employee of the United States," where Mr. Schlapp (1) was subpoenaed to testify at a deposition as a nonparty witness in his individual capacity; (2) is represented by retained counsel; and (3) has not asked that the Department of Justice represent him. *See* Notice of Appearance (Docket No. 105) at 1.

The undersigned further finds that the United States Attorney's reliance on *Blumenthal* is misplaced. The relevant holding of *Blumenthal* was limited to the determination that a "[former White House Official] does have an obligation to preserve the presidential communications privilege long enough for the President to invoke it if he so desires[,]" a proposition not subject to dispute in this action. *Blumenthal,* 186 F.R.D. at 242. *Blumenthal* does not hold that the United States Attorney may appear at the deposition of a former government official along with the former official's retained counsel and interpose objections on the ground of governmental privilege. Rather, in *Blumenthal,* the court provided a mechanism for preservation of any such claim of privilege which is equally appropriate here:

If [a party] wishes to pursue the lines of questioning to which [the former White House official] asserted executive privilege, he may reopen the deposition of [the former White House official] and provide [the former White House official] with sufficient notice so that they may secure the presence of a White House lawyer or with a list of subjects for the deposition that

might touch on privileged areas so [the former White House official] can request White House review in advance.

*Id.*

The undersigned finds that the United States Attorney's claim of "interest" in the deposition is equally unavailing. The claim that the presence of the United States Attorney is needed "in the event any privileged information [is] responsive to Plaintiffs' questions" is undermined by the United States Attorney's initial impression that "he did not anticipate that Schlapp would have a great deal of privileged information[.]" Opposition at 2. Moreover, the undersigned finds that the United States Attorney has made no effort to demonstrate the existence of any factual basis in support of the instant concern that Plaintiffs could elicit privileged information.[7]

Nor has the United States Attorney identified the interest he seeks to protect. The United States Attorney maintains that "the deposition potentially implicates two interests: Mr. Schlapp's personal interests and the interests of the United States." Supplemental Memorandum at 1. The United States Attorney presumably conceded that "Mr. Schlapp's personal interests" will be represented by the lawyer Mr. Schlapp retained. However, the United States Attorney does not articulate what "interests of the United States" are potentially implicated. *Id.* Instead, the United States Attorney observes that "[f]ormer employees are not authorized to waive governmental privileges," a proposition which is not disputed here. The undersigned finds that the United States Attorney's conclusory assertion of an interest in the deposition is insufficient to demonstrate an interest in the proceedings in accordance with 28 U.S.C. § 517.

The federal courts have had little occasion to address what a showing of "interest" requires. However, the Third Circuit in *Brawer v. Horowitz*, 535 F.2d 830 (3d Cir.1976), held that the government "plays a legitimate role where the matters involved 'affect the

public at large' and 'are entrusted to the care of the nation.'" *Id.* at 836. The undersigned finds that in this instance, the United States Attorney has failed to make any showing that the interests with which he seeks to represent "affect the public at large" or "are entrusted to the care of the nation."

Additionally, this Circuit has held that the Department of Justice has the discretion under section 517 to determine whether the United States has an interest in representing a party while they undertook actions while at the White House. *See Hall v. Clinton*, 285 F.3d 74, 79 (D.C.Cir.2002). However, the undersigned finds that the facts in *Hall* are distinguishable from the instant action. In *Hall*, Senator Clinton, the former First Lady requested the Department of Justice to represent her in a civil tort claim arising from the termination of a White House employee's position. The facts of the instant action are distinguishable in three critical respects: (1) Mr. Schlapp has not requested the Department of Justice or the United States Attorney to represent him; (2) Mr. Schlapp is not a party to the litigation; and (3) it has not been alleged that the circumstances surrounding the litigation are actions in which Mr. Schlapp participated in his official or representative capacity.

Next, the undersigned finds that the United States Attorney entirely ignores the limitation of the subpoena to one for deposition testimony of Mr. Schlapp in his individual capacity. The United States attorney suggests that because Mr. Schlapp was employed in the Executive Office of the President at the time of the events relevant to Plaintiffs' proposed inquiry, his testimony would, of necessity, be testimony in his official, or representative, capacity. However, the United States Attorney offers no authority for this proposition. If courts applied this rationale, then in every instance in which a former federal official was subject to a Rule 45 subpoena to provide testimony at a deposition, the United States Attorney could enter an appearance on behalf of the official,

---

7. For example, the United States Attorney has not identified the privilege or privileges which could be implicated; nor has the United States Attorney even proffered the circumstances in

which Mr. Schlapp could have acquired privileged information relevant to the inquiry which Plaintiffs' propose.

even if the official did not request representation by the Department of Justice. Such process would be wholly inconsistent with the intent of Congress expressed through Sections 516, 517 and 547 of Title 28.

The undersigned finds that the government's interests will be protected by the mechanism for which the *Blumenthal* court provided: Mr. Schlapp may decline to answer questions on grounds of privilege and the propriety of the objection may be reviewed thereafter. *See Blumenthal*, 186 F.R.D. at 242. Any other procedure would facilitate an unwarranted intrusion by the United States Attorney in the deposition of a witness he does not represent, and where no interest warranting his representation has been shown.

## V. CONCLUSION

Upon consideration of the Plaintiffs' Motion for Protective Order, the memoranda in support thereof and in opposition thereto and the entire record herein, it is this 23rd day of December, 2005,

**ORDERED**, that Plaintiffs' Motion for Protective Order is **GRANTED**; and it is

**FURTHER ORDERED** that counsel for the parties and for Mr. Schlapp immediately shall confer in an effort to agree upon a date for Plaintiffs to depose Mr. Schlapp, and shall complete said deposition by no later than January 13, 2006.