**CROWLEY CARIBBEAN TRANSPORT, INC., Appellant,**

v.

**UNITED STATES of America, et al.**

No. 88–5096.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 21, 1988.

Decided Jan. 24, 1989.

---

Michael Joseph, with whom Thomas L. Mills, Washington, D.C., was on the brief, for appellant.

Victoria Frances Nourse, Atty., Dept. of Justice, with whom John R. Bolton, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellees.

Before EDWARDS, WILLIAMS and FRIEDMAN *, Circuit Judges.

Opinion for the Court filed by Circuit Judge STEPHEN F. WILLIAMS.

STEPHEN F. WILLIAMS, Circuit Judge:

In the Cargo Preference Act of 1954, 46 U.S.C. app. § 1241(b) (1982), Congress required government agencies to prefer United States-flag vessels in arranging shipments of foreign aid:

> *Whenever the United States shall ... furnish to ... any foreign nation without provision for reimbursement, any* equipment, *materials,* or commodities, within or without the United States, ... *the appropriate agency or agencies shall take such steps as may be necessary and practicable to assure that at least 50 per centum of the gross tonnage* of such equipment, materials, or commodities ... transported on ocean vessels *shall be transported on privately owned United States-flag commercial vessels,* to the extent such vessels are available at fair and reasonable rates for United States-flag commercial vessels, in such manner as will insure a fair and reasonable participation of United States-flag commercial vessels in such cargoes by geographic areas....

46 U.S.C. app. § 1241(b)(1) (1982) (emphasis added). In § 491 of the Foreign Assistance Act of 1961, as amended, 22 U.S.C. § 2292(b), however, in authorizing international disaster relief, it exempted the delivering agencies from "other Acts" in very broad terms:

> Subject to limitations in section 2292a [authorizing specific appropriations], and *notwithstanding any other provision of this chapter[1] or any other Act,* the President is authorized to furnish assistance to any foreign country, international organization, or private voluntary organization, on such terms and conditions as he may determine, for international disaster relief and rehabilitation, including assistance relating to disaster preparedness, and to the prediction of, and contingency planning for, natural disasters abroad.

22 U.S.C. § 2292(b) (1982).

Crowley Caribbean Transport, Inc., which owns and operates US-flag commercial vessels, here challenges the view of the Agency for International Development ("AID") that § 491 completely exempts its disaster relief shipments from the Preference Act. When Crowley applied for part of the work of transporting disaster relief to El Salvador after an earthquake there in 1986, AID rejected the proposal. Instead it used six other vessels, of which two were US-flag ships.

Crowley sued in district court, seeking a declaratory judgment that § 491 exempts disaster relief shipments only when compli-

---

* Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a).

**1.** The word chapter does not appear in the enacting legislation, Pub.L. 94–161 (Dec. 20, 1975), but its insertion appears not to change the meaning in any pertinent way. Though Congress adopted the exempting language in 1975, it did so in the form of amending § 491 of the Foreign Assistance Act of 1961.

ance would "cause significant delay in providing disaster relief." Joint Appendix at 8. AID contended that the § 491 exemption gave it complete discretion as to any preference for US-flag vessels. The district court agreed with AID's interpretation of the statute and denied the requested declaratory judgment. We affirm.

Crowley makes no claim that the Cargo Preference Act is not among the "other Acts" from which § 491 provides exemption. Given the broad language of § 491, such a claim would be most implausible. As we noted recently in interpreting the phrase "[n]otwithstanding any other provision of law" in another statute, "[a] clearer statement is difficult to imagine." *Illinois National Guard v. FLRA*, 854 F.2d 1396, 1403 (D.C.Cir.1988) (quoting *New Jersey Air National Guard v. FLRA*, 677 F.2d 276, 283 (3d Cir.1982)); see also *Colorado Nurses Association v. FLRA*, 851 F.2d 1486, 1489 (D.C.Cir.1988). Further, Congress enacted § 491 *after* the Cargo Preference Act, with full knowledge that it was on the books. Compare *Illinois National Guard* (considering but rejecting claim that "notwithstanding" language did not cover after-enacted provision).

Instead, Crowley is driven to argue that § 491 provides a *partial* exemption from the Preference Act. Such a conclusion would palpably amend the legislation to add a qualifying clause such as: "except that such agencies shall comply with the Preference Act when compliance will not cause significant delay in providing disaster relief." We are not authorized to edit Congress's work in this fashion.

We note, though it is hardly necessary, that such an "interpretation" of § 491 would be most unlikely to fulfill the apparent congressional purpose. The Preference Act contemplates agencies' incurring higher costs to use US-flag vessels, whereas the broad exemption of § 491 on its face reflects a purpose to maximize the *relief* value of every dollar spent on international disaster relief. Crowley's proposed standard, "significant delay," would impose on relief agencies not only the additional out-of-pocket costs of partial compliance (including higher freight charges), but also all the burdens of drawing that rather fuzzy line, including the risks of being second-guessed by a court. Moreover, adding the proposed qualification to § 491 would engender parallel claims for every other provision exempted. To accept this would be to commit judicial mayhem on the statute.

As we find the plain language of § 491 decisive of the question before us, we will resist the temptation to engage in an exegesis of its legislative history. If, as is the case here, the terms of the statute are clear, and no "clearly expressed legislative intention to the contrary" is shown, then the statutory language is dispositive. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) (courts "must give effect to the unambiguously expressed intent of Congress"). See also *Georgetown University Hospital v. Bowen*, 862 F.2d 323, 330 (D.C.Cir.1988) ("when the plain meaning of a statute is found, it is unnecessary and unwise to delve further") (Mikva, J., concurring).

The decision of the district court is affirmed.