BEFORE: SENTELLE, ROGERS, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order denying appellant's motion for reconsideration or to reopen the case be affirmed. The district court properly denied reconsideration of its October 18, 2005, order denying appellant's motion for leave to file an appeal. Appellant's motion for reconsideration offered no basis for questioning the district court's holding that he had not met the requirements for extending or reopening the time to file an appeal. See Fed. R.App. P. 4(a)(5), 4(a)(6). Moreover, the rule of *English–Speaking Union v. Johnson*, 353 F.3d 1013, 1020–23 (D.C.Cir.2004), has been limited to "dismissals of bankruptcy appeals for nonjurisdictional procedural violations," and did not require the district court to set forth its reasons for denying the motion for reconsideration. See *Fox v. American Airlines*, 389 F.3d 1291, 1295 (D.C.Cir.2004).

To the extent appellant sought relief from the judgment pursuant to Fed. R.Civ.P. 60(b), appellant presents no arguments on appeal that would justify a conclusion that the district court abused its discretion in denying the motion. See *Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (denial of Rule 60(b) post-judgment motion overturned only if the district court abused its discretion).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**AMERICAN CARGO TRANSPORT, INC., Appellant**

v.

Randall L. **TOBIAS**, Administrator United States Agency for International Development and Sean Connaughton, Maritime Administrator Department of Transportation, Appellees.

No. 06–5147.

United States Court of Appeals, District of Columbia Circuit.

April 2, 2007.

Timothy B. Shea, Nemirow, Hu & Shea, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, John Cuong Truong, U.S. Attor-

ney's Office, Washington, DC, for Appellees.

Before: RANDOLPH and KAVANAUGH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This case was considered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed. American Cargo Transport, Inc. (ACT) appeals from the District Court's grant of summary judgment in favor of the United States Agency for International Development (USAID). ACT, a U.S.-flag shipper, asserted that it was entitled to a preference over a foreign shipper in bidding on a contract for transportation of emergency food supplies to Somalia. USAID asserted that under its emergency authority it could select a foreign shipper, and it did so. *See* 7 U.S.C. § 1722(a). ACT contends that USAID's action was arbitrary, capricious, and contrary to federal law favoring U.S.-flag shippers in cargo carriage. *See* 5 U.S.C § 706(2)(A).

In *Crowley Caribbean Transport, Inc. v. United States*, 865 F.2d 1281 (D.C.Cir. 1989), this Court rejected a disappointed shipper's challenge to USAID's conduct under similar emergency authority. The statute examined there gave USAID emergency authority to arrange international disaster relief notwithstanding *any* other provision of law—including, we decided, cargo preference law. *Id.* at 1282–83. Because 7 U.S.C. § 1722(a) has a "[n]otwithstanding any other provision of law" clause materially identical to the one examined in *Crowley,* our decision in that case squarely forecloses ACT's claim here. The District

Court's grant of summary judgment was therefore proper.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.